UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANH TRINH,

        Petitioner,

    v.

SECRETARY MAKWAYNE
MULLIN, GARRETT J. RIPA, ICE,
EOIR, DHS, ACTING US ATTY
GEN TODD BLANCHE, WARDEN
FLORIDA SOFT SOUTH
(ALLIGATOR ALCATRAZ),

        Respondents.

Case No. 2:26-cv-1533-KCD-KRH

_____/

## **ORDER**

Petitioner Danh Trinh is a Vietnamese citizen with a final order of removal. Immigration and Customs Enforcement ("ICE") apparently could not deport him at the time of the removal order, so he was released on an order of supervision. While on supervision, he committed a lewd and lascivious act on a child under sixteen years old. Trinh was returned to immigration custody on October 31, 2025. He now seeks a writ of habeas corpus under 28 U.S.C. § 2241, asking this Court to order his immediate release. (Doc. 1.)[1] For the reasons below, the petition is **DENIED WITHOUT PREJUDICE**.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

## I. Legal Framework

The federal habeas statute, 28 U.S.C. § 2241, provides authority to issue writs of habeas corpus when an individual is "[i]n custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3). "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). "Section 2241 authorizes federal courts to hear challenges to immigration detention." *Grigorian v. Bondi*, No. 25-CV-22914-RAR, 2025 WL 2604573, at *2 (S.D. Fla. Sept. 9, 2025).

## II. Discussion

The statutory framework for removal works like this: when a noncitizen's removal order becomes final, like here, the government has 90 days to effectuate removal. 8 U.S.C. § 1231(a)(1)(A). During that period, detention is mandatory. *Id.* § 1231(a)(2)(A). If the 90 days pass and the noncitizen is still here, the statute gives the government a choice: release the individual on supervision or keep them detained. *Id.* § 1231(a)(6).

But as the Supreme Court explained in *Zadvydas*, the authority to detain does not stretch into infinity. To avoid serious constitutional problems, the Court read an implicit limitation into the statute: the government may detain a noncitizen only for a period "reasonably necessary" to secure his

removal. 533 U.S. at 699. And to make that rule workable, the Court established a presumption. For the first six months, detention is presumptively reasonable. *Id.* at 701. After that period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden shifts to the government to provide evidence sufficient to rebut that showing. *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). Thus, "in order to state a claim under *Zadvydas*, the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Applied here, Trinh satisfies the initial temporal requirement. ICE took him into custody nearly seven months ago. Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Trinh has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal. He states that the Government has no plans to remove him. (*See* Doc. 1 at 5.) Indeed, the Government has had many years to deport Trinh, and it has failed.

The burden thus shifts to the Government to rebut Trinh's showing, and the Court finds that they do so. *Akinwale*, 287 F.3d at 1052. A declaration from a deportation officer states that as of May 14, 2026, Trinh's

travel document request packet has been completed and sent to Vietnamese officials, who now have 30 days to issue a travel document. (Doc. 7-2 at 3.) As detailed by the officer, despite contrary diplomatic impediments, ICE is now regularly removing detainees to Vietnam. There are also frequent charter flights to Vietnam. (*Id.*)

The Government can lawfully hold a noncitizen to ensure they are present for removal or to keep the public safe. That is simply the machinery of the immigration system doing its job. A due process violation happens only when that machinery breaks down—when the detention loses its reasonable connection to effectuating a removal order and morphs into a penalty. *Cf. Lee v. Stone*, No. 2:11-CV-00014-RWS, 2011 WL 4553147, at *7 (N.D. Ga. Aug. 25, 2011). So long as the custody serves a legitimate immigration purpose rather than acting as a punitive measure, it stays on the right side of the Constitution. *See, e.g., United States v. Salerno*, 481 U.S. 739, 747 (1987); *Rodriguez v. Perry*, 747 F. Supp. 3d 911, 917 (E.D. Va. 2024) ("[A]liens . . . have a substantive due process right to be free of arbitrary confinement pending deportation proceedings."). Here, because Government is actively working to effectuate Trinh's removal and has concrete plans to do so, he must be detained to allow that process to play out.

At this point, Trinh cannot show that his current stint in custody is a punishment masquerading as immigration processing or is otherwise

arbitrary. He is subject to a final removal order that stands uncontested. The INA explicitly authorizes a return to detention to effectuate such orders. 8 C.F.R. § 241.13(i)(2). And the government no doubt has a legitimate interest in doing exactly that—enforcing its laws, ensuring individuals do not flee, and protecting the public. *See Malam v. Adducci*, 469 F. Supp. 3d 767, 790 (E.D. Mich. 2020). Here, the Government revoked Trinh's release specifically to enforce his outstanding removal order. Returning him to custody thus serves a recognized, legitimate government objective. But the Government does not have an indefinite amount of time to remove him. Based on the timeline provided in the deportation officer's declaration (Doc. 7-2), if the Government does not remove Trinh by June 30, 2026, he can renew his claim.

## III. Conclusion

Trinh's habeas petition is **DENIED WITHOUT PREJUDICE** to Trinh refiling a new petition should his current detention extend past **June 30, 2026**. The Clerk is **DIRECTED** to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**ORDERED** in Fort Myers, Florida on May 26, 2026.

Kyle C. Dudek
United States District Judge

5